IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-03315-M

| | |
|---|---|
| JUSTIN MICHAEL TYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LIEUTENANT GAY, et al., ) | |
| ) | |
| Defendants. ) | |

This cause is before the court on defendants' motions to dismiss for failure to state a claim [D.E. 33], and to stay discovery [D.E. 50], as well as plaintiff's motions for service [D.E. 28], to "admit facts into evidence" [D.E. 29, 42, 45], for an "extension of time within which to complete service" [D.E. 38], for permission to file in opposition to defendants' motion to dismiss [D.E. 43], for reconsideration [D.E. 46, 47], and for copies [D.E. 52]. These motions are ripe for review.

Relevant Procedural History:

On October 29, 2019, Justin Michael Tyson ("plaintiff"), a pretrial detainee at the Pitt County Detention Center ("detention center"), proceeding *pro se* and without prepayment of fees, filed this complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 5]. Plaintiff twice moved to amend his complaint. Mot. [D.E. 9], Mot. [D.E. 10]. Plaintiff generally alleges violations of his Fifth, Eighth, and Fourteenth Amendment rights due to an excessive-force event and subsequent delay of medical treatment at the detention center on December 14 and 15, 2017. Mot. [D.E. 10] at 7.

On August 18, 2020, the court granted plaintiff's motions to amend, conducted its initial review of the amended complaint, and allowed the action to proceed as to plaintiff's excessive

force and deliberate indifference claims, but dismissed plaintiff's claims premised on the Fourteenth Amendment's Equal Protection Clause and the Fifth Amendment. Order [D.E. 11].

On September 24, 2020, plaintiff moved "for service . . . of pleadings." Mot. [D.E. 28].

On October 8, 2020, plaintiff moved to "admit facts into evidence," Mot. [D.E. 29]. Plaintiff attaches to this motion the following documents: an affidavit, [D.E. 29-1]; records of his December 15, 2017, treatment at Vidant Medical Center, [D.E. 29-2] at 1, 2, 4, 6; a partial list of plaintiff's infractions at the detention center, [D.E. 29-2] at 3; and an August 5, 2020, detention center Infraction Citation as to plaintiff, [D.E. 29-2] at 5.

On October 16, 2020, defendants filed a joint motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Mot. [D.E. 33], together with a memorandum in support of the motion to dismiss, Defs.' Mem. [D.E. 34]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 35].

On October 19, 2020, defendants responded to plaintiff's motion to admit facts [D.E. 36].

On November 2, 2020, plaintiff moved for an "extension of time within which to complete service of process." Mot. [D.E. 38].

On November 6, 2020, plaintiff filed a response in opposition to defendants' motion to dismiss [D.E. 40], a reply to defendants' response to his October 8, 2020, motion to admit facts [D.E. 41], a motion to "admit facts," Mot. [D.E. 42], and a motion requesting the court's permission to file in opposition to defendants' motion to dismiss, Mot. [D.E. 43].

On November 10, 2020, plaintiff filed a second response in opposition to defendants' motion to dismiss [D.E. 44], and a "motion to admit facts," Mot. [D.E. 45].

2

On November 12, 2020, plaintiff filed a self-styled "motion for reconsideration on the order to dismiss the amended complaint." Mot. [D.E. 46].

On November 18, 2020, plaintiff filed another self-styled "motion for reconsideration on the order to dismiss the amended complaint." Mot. [D.E. 47].

On April 1, 2021, plaintiff filed a request for production of documents [D.E. 48], and a request for admissions [D.E. 49].

On April 8, 2021, defendant moved to stay all discovery until the court adjudicates the pending, and potentially dispositive, motion to dismiss. See Mot. [D.E. 50].

On April 23, 2021, plaintiff moved for free copies of his prior filings. Mot. [D.E. 52].

On May 3, 2021, plaintiff filed a response to defendants' motion to stay. [D.E. 53].

Preliminary Matters:

First, the court has already directed the United States Marshals Service to make service on defendants pursuant to 28 U.S.C. § 1915(d). Order [D.E. 11]. Further, applying the Court's Standing Order 18-SO-5, the clerk scanned and electronically filed documents on plaintiff's behalf, generating a Notice of Electronic Filing ("NEF"). Thus, additional service by other means is not required, and plaintiff's pending motions for "service of pleadings," Mot. [D.E. 28], and for an extension of time to "complete service of process," Mot. [D.E. 38], are DENIED AS MOOT.

Next, because the court notified plaintiff about defendants' motion to dismiss [D.E. 35], and because plaintiff has already filed two responses in opposition to this motion [D.E. 40, 44], plaintiff's motion seeking leave to file a response in opposition [D.E. 43] is DENIED AS MOOT.

Next, the court turns to plaintiff's motions for reconsideration [D.E. 46, 47]. Although his meaning is somewhat unclear, plaintiff appears to argue that, because his response in opposition

was timely mailed, the court should reconsider its decision to dismiss his amended complaint. See [D.E. 46] at 1, [D.E. 47] at 1. Because the court had not yet ruled on defendants' motion to dismiss, these motions for reconsideration [D.E. 46, 47] are DENIED AS PREMATURE.

Next, because the court has not set a period of discovery, plaintiff's discovery-related filings, [D.E. 48, 49], are premature and the court GRANTS defendants' motion to stay [D.E. 50]. The court REMINDS plaintiff not to docket interrogatories or other discovery-related materials unless ordered to do so by the court. See Local Civil Rule 26.1(a); Local Civil Rule 33.1.

Next, the court turns to plaintiff's motion for copies of his earlier filings. Mot. [D.E. 52] at 1 (requesting copies of "some of the motions, oppositions, memorandum, and affidavits"). A *pro se* litigant is responsible for maintaining his own legal records, and plaintiff is not entitled to copies at the Government's expense. See United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (per curiam) (unpublished table decision). Accordingly, the court DENIES plaintiff's motion for copies [D.E. 52]. Plaintiff instead may file a record system request through the Clerk's Office or use the Public Access to Court Electronic Records ("PACER") program. See 28 U.S.C.A. § 1914, Judicial Conference Schedule of Fees, at ¶4; http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf (last visited Sept. 9, 2021).

Next, the court turns to plaintiff's motions to "admit facts," [D.E. 29, 42, 45]. Although his meaning is somewhat unclear, to the extent plaintiff seeks consideration of documents filed in opposition to the motion to dismiss, the court will do so. To the extent plaintiff seeks to amend his complaint again, the court DENIES WITHOUT PREJUDICE these motions [D.E. 29, 42, 45], instead allowing plaintiff to file a motion for leave to amend and a proposed amended complaint.

Below, the court addresses defendants' motion to dismiss the complaint. Mot. [D.E. 33].

4

Arguments:

Plaintiff's complaint, as amended, names the following detention center defendants: Lieutenant Gay, Officer McDaniel, Officer Jordan, Officer Andrews, Officer Taylor, Officer Russell, Officer Singleton III, and Officer Woolard. See [D.E. 1, 9, 10]. Plaintiff alleges, in relevant part, 1) on December 14, 2017, all defendants (aside from Gay) used excessive force on plaintiff, slamming him on his face, causing a "busted forehead" and a dislocated hip, and 2) Gay was deliberately indifferent when he, "denied [plaintiff] outside medical treatment for [his] injury, leaving [him] in a cell in excruciating and unbearable pain for a 28-hour time period." [D.E. 10] at 7. Plaintiff asserts "officers would not let nurses bring medication inside my cell while my hip was dislocated," and "my morning and lunch meals were not brought inside my cell while I could not walk." Id. Plaintiff underwent right hip surgery on December 15, 2017. See [D.E. 9] at 8.

In support of their motion to dismiss, defendants argue: 1) plaintiff's amended complaint fails to articulate a due process violation; 2) official capacity claims fail because plaintiff did not attribute defendants' allegedly unconstitutional conduct to official policy or custom; 3) plaintiff fails to state an excessive force claim against any individual defendant because he does not delineate the particular actions of the named defendants; 4) plaintiff fails to allege specific facts needed to establish that defendant Gay actually knew of, and disregarded, plaintiff's admittedly serious medical need caused by the dislocated hip; 5) the purported delay in medical treatment itself does not constitute deliberate indifference; 6) defendants are entitled to qualified immunity; and 7) the claims are barred under the doctrine of res judicata. See Defs.' Mem. [D.E. 34].

In his opposition to defendants' motion to dismiss, plaintiff argues, among other things: his pleadings satisfy the requirements of the Federal Rule of Civil Procedure 8, and give defendants

fair notice of his claims; he alleges the personal involvement of each named defendant in purported constitutional violations; he alleges viable official-capacity claims against defendants; defendants' alleged excessive force was not objectively reasonable; discovery will establish each defendant's specific role in the excessive force event; he states a colorable deliberate-indifference claim as to defendant Gay because, although plaintiff personally informed Gay that he was unable to walk after his hip dislocation, and Gay observed plaintiff being transported in a wheelchair, Gay delayed the needed outside medical treatment; this delay in treatment caused plaintiff unnecessary pain; defendants are not entitled to qualified immunity because his right to be free from excessive force and deliberate indifference to his serious medical needs are clearly established; his claims are not barred under the doctrine of res judicata; and that, contrary to defendants' argument, there are facts plaintiff may marshal to make his case. See Pl.'s Resp. [D.E. 40]; Pl.'s Resp [D.E. 44].

Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). When considering a motion to dismiss, a court examines the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted). The court need neither accept a complaint's legal conclusions drawn from the facts, see id. at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted). Nevertheless, the court presumes as true the factual allegations in the complaint and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 268 (1994); Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Discussion:

Although defendants argue that plaintiff fails to state a claim upon which relief may be granted, his claim need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's amended complaint, liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), satisfies this general pleading requirement, see Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

Plaintiff's allegations–that, in violation of his Fourteenth Amendment rights as a pretrial detainee, defendant Gay was deliberately indifferent by delaying medical care for plaintiff's dislocated hip, and that the other named defendants used excessive force against plaintiff–give defendants fair notice of plaintiff's claims and the factual basis upon which they rest, cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002), "raise the right to relief above the speculative level," and contain "enough facts to state a claim for relief that is plausible on its face," King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Twombly, 550 U.S. at 555, 570)).

7

Next, although defendants assert that plaintiff fails to allege the specific role of each named defendant in the purported excessive-force event, the court may "draw a reasonable inference" that the named defendants (other than defendant Gay) are liable for this excessive-force event. Iqbal, 556 U.S. at 678. Plaintiff's pleading presents "enough facts to raise a reasonable expectation that discovery will reveal evidence" needed to establish the precise role of each defendant involved in the purported excessive-force event. Twombly, 550 U.S. at 556.

Next, to the extent defendants assert that plaintiff fails to allege defendant Gay was aware of the hip injury, plaintiff plausibly alleges that Gay denied him medical treatment and, "draw[ing] on its judicial experience and common sense," Iqbal, 556 U.S. at 679, the court notes a dislocated hip is an objectively serious, painful injury, and that the risk of harm of leaving this injury untreated "would be apparent to a layperson," Scinto v. Stansberry, 841 F.3d 219, 230 (4th Cir. 2016).

The court now turns to defendants' argument that plaintiff fails to state a claim against them in their official capacities. A claim against county defendants in their official capacities requires plaintiff to allege that conduct directly causing the alleged deprivation was done to effect official policy or custom for which the official is responsible. See McMillian v. Monroe Cnty., 520 U.S. 781, 784–85 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotation and citations omitted)).

Here, in opposition to the motion to dismiss, plaintiff asserts that defendants have a "responsibility not to use force" and "responsibility over the people in their custody." Pl.'s Mem. [D.E. 40]. These bald contentions fail to plausibly allege that it is official "policy or custom" for

8

detention center officers to use excessive force against detainees or delay treatment for objectively serious injuries. Therefore, plaintiff likewise fails to state a plausible claim against defendants in their official capacities. See Iqbal, 556 U.S. at 678; Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014) (discussing standards for official capacity claims).

The court now turns to defendants' qualified immunity argument. Government officials are entitled to qualified immunity when 1) plaintiff has not demonstrated a violation of a constitutional right, or 2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Here, plaintiff has plausibly alleged that defendants violated his constitutional rights to be free from excessive force and deliberate indifference to his serious medical needs, and these rights were clearly established at the time of alleged violations. See Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto, 841 F.3d at 225; see also Randall v. Prince George's Cty., Md., 302 F.3d 188, 204 (4th Cir. 2002). Thus, defendants' qualified immunity argument also fails.

As to defendants' arguments premised on res judicata, this doctrine bars a party from bring claims if: "(1) there was a final judgment on the merits in a prior suit; (2) the parties are identical, or in privity, in the two actions; and, (3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding." U.S. Cts., Jails & Prisons Coal. v. Parker, No. 5:13-CV-814-FL, 2014 WL 348519, at *3 (E.D.N.C. Jan. 31, 2014) (citation omitted).

In his prior action, plaintiff alleged, in relevant part, that a nurse at the detention center provided him constitutionally inadequate medical care on December 14 and 15, 2017. Tyson v.

9

McClean, No. 5:18-ct-03362-BO (E.D.N.C.), Compl. [D.E. 1] (Dec. 20, 2018). The court granted the nurse's motion to dismiss the complaint for failure to state a claim, finding that her treatment of plaintiff's hip injury constituted, at worst, negligence, or medical malpractice insufficient to state a cognizable § 1983 claim. Id., Order [D.E. 52] at 6–7 (Mar. 5, 2020).

Res judicata presents no bar because, although this complaint arises from events addressed in the prior action, the parties are not identical or in privity. See Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 651–52 (4th Cir. 2005) (discussing privity and "virtual representation").

## Conclusion:

In sum, the court: DENIES AS MOOT the motion "for service . . . of pleadings" [D.E. 28]; DENIES AS MOOT the motion to extend time "to complete service of process" [D.E. 38]; DENIES AS MOOT the motion for leave to file a response in opposition [D.E. 43]; DENIES AS PREMATURE motions for reconsideration [D.E. 46, 47]; GRANTS the motion to stay discovery [D.E. 50]; DENIES the motion for copies [D.E. 52]; DENIES WITHOUT PREJUDICE motions to "admit facts into evidence" [D.E. 29, 42, 45], allowing plaintiff to file a motion for leave to amend the complaint and a proposed amended complaint; and GRANTS IN PART defendants' motion to dismiss the complaint [D.E. 33] as to plaintiff's claims against defendants in their official capacities, but DENIES this motion to dismiss [D.E. 33] as to all other grounds. After defendants answer the 2d amended complaint [D.E. 10], see Fed. R. Civ. P. 12(a)(4)(A), the court REFERS the action to United States Magistrate Judge Robert B. Jones, Jr., for entry of a scheduling order.

SO ORDERED this 21st day of September, 2021.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge

10

Case 5:19-ct-03315-M Document 55 Filed 09/22/21 Page 10 of 10