IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-03315-M

JUSTIN MICHAEL TYSON,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )            ORDER
                                 )
LIEUTENANT GAY, et al.,          )
                                 )
            Defendants.          )

This cause is before the court on defendant Mobley's motion for summary judgment, Mot. [D.E. 181], defendant Page's motion for summary judgment, Mot. [D.E. 193], and plaintiff's motion for attorney's fees, Mot. [D.E. 201].

Relevant Procedural History:

On October 29, 2019, Justin Michael Tyson ("plaintiff"), a pretrial detainee proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 5]. Plaintiff twice moved to amend his initial complaint. See [D.E. 9, 10].

In the operative complaint, plaintiff names as defendants Pitt County Detention Center ("Detention Center") employees Lieutenant Gay and Officers McDaniel, Jordan, Andrews, Taylor, Russell, Singleton III, and Woolard (collectively, the "original defendants"), and alleges that, between December 14 and 15, 2017: these defendants, (aside from Gay) used excessive force, slamming him on his face and causing both a "busted forehead" and a dislocated hip; Gay "denied me outside medical treatment for my injury, leaving me in a cell in excruciating and unbearable pain for a 28-hour time period"; "officers would not let nurses bring medication inside my cell while my hip was dislocated"; "my morning and lunch meals were not brought inside my cell

while I could not walk"; he was treated differently from other inmates over a minor violation; he was denied medication and attention from an outside medical provider; "harassment took place on various occasions" after the incident; he underwent right hip surgery on December 15, 2017; and he continues to suffer mental and physical effects from these occurrences. See 2d. Am Compl. [D.E. 10] at 3–9. Plaintiff seeks, *inter alia*, monetary damages. Id. at 10.

On January 8, 2020, the case was reassigned to the undersigned judge via a text order.

On August 18, 2020, the court granted plaintiff's motions to amend, conducted its initial review of the complaint as amended, and allowed the action to proceed in part as to plaintiff's excessive force and deliberate indifference claims, but dismissed the claims premised on the Fourteenth Amendment's Equal Protection Clause and the Fifth Amendment. Order [D.E. 11].

On October 16, 2020, the original defendants filed a joint motion to dismiss the complaint for failure to state a claim, Mot. [D.E. 33], together with a memorandum in support [D.E. 34]. Plaintiff responded in opposition to this joint motion to dismiss. See [D.E. 40, 44].

On September 22, 2021, the court, *inter alia*, granted in part the original defendants' joint motion to dismiss as to claims against them in their official capacities, but denied the motion on all other grounds, finding that plaintiff had plausibly alleged a viable deliberate-indifference claim as to Gay and viable excessive-force claims as to these other defendants. See Order [D.E. 55].

On October 5, 2021, the original defendants answered the complaint. See [D.E. 59–66].

On October 18, 2021, plaintiff moved for joinder, seeking to add as defendants Detention Center officers Mobley ("Mobley") and Sergeant Page ("Page"). Mot. [D.E. 72]. The court denied this motion, Order [D.E. 92], and plaintiff moved for reconsideration, Mot. [D.E. 93].

2

On March 18, 2022, plaintiff filed a motion summary judgment, Mot. [D.E. 105], with a memorandum in support and a statement of facts, see [D.E. 105-1], and an affidavit [D.E. 105-2].

On April 11, 2022, the original defendants filed a joint motion for summary judgment, Mot. [D.E. 116], a memorandum in support [D.E. 117], a statement of material facts [D.E. 118], and an appendix [D.E. 119]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the moving defendants' motion, the consequences of failing to respond, and the response deadline. [D.E. 120].

On May 11, 2022, Gay, McDaniel, Jordan, Andrews, Taylor, Russell, Singleton III, and Woolard filed a response in opposition to plaintiff's motion for summary judgment [D.E. 129], together with a statement of material facts [D.E. 130].

On May 16, 2022, the court, among other things, granted plaintiff's motion for reconsideration, joined Page and Mobley as defendants, and allowed the operative second amended complaint to proceed against Page and Mobley. Order [D.E. 132].

On May 20, 2022, plaintiff filed, among other things, a memorandum of law in opposition to the original defendants' joint motion for summary judgment, Pl.'s Mem. [D.E. 133].

On May 31, 2022, plaintiff filed a supplemental response in opposition the original defendants' joint motion for summary judgment. Pl.'s Supp. Resp. [D.E. 136].

On July 28, 2022, Mobley moved to dismiss the complaint for failure to state a claim, Mot. [D.E. 160] (citing Fed. R. Civ. P. 12(b)(6)), and filed a memorandum in support, [D.E. 161].

On August 5, 2022, Page answered the complaint. [D.E. 162].

On August 8, 2022, plaintiff responded to Mobley's motion to dismiss. [D.E. 164].

On August 11, 2022, Mobley filed a reply to plaintiff's response. [D.E. 165].

3

On August 16, 2022, the court denied Mobley's motion to dismiss. Order [D.E. 167].

On September 6, 2022, Mobley answered the complaint [D.E. 175], and moved to deem the answer timely filed, Mot. [D.E.176]. The court granted this motion. Order [D.E. 178].

On October 21, 2022, plaintiff moved for summary judgment as to Mobley and Page, Mot. [D.E. 179], and filed a memorandum in support [D.E. 179-1], a statement of facts [D.E. 179-2], an affidavit [D.E. 179-3], an appendix [D.E. 179-4], and exhibits [D.E. 179-5].

On October 27, 2022, the court denied both of plaintiff's motions for summary judgment; granted in part the defendants' joint motion for summary judgment as to the excessive force claims against McDaniel, Russell, Singleton II, Taylor, and Woolard, as to the deliberate-indifference claim against Gay, and as to claims premised on the North Carolina Constitution against all moving defendants; denied the moving defendants' motion for summary judgment as to the excessive-force claims against Jordan and Andrews; dismissed without prejudice plaintiff's newly raised claims; allowed the parties until December 5, 2022, to file a response, if any, to the court's notice under Fed. R. Civ. P. 56(f); and directed the clerk to terminate as defendants McDaniel, Russell, Singleton III, Taylor, Woolard, and Gay. Order [D.E. 180].

On October 28, 2022, defendant Mobley moved for summary judgment, Mot. [D.E. 181], and filed a memorandum in support [D.E. 182], a statement of material facts [D.E. 183], and an appendix [D.E. 184]. Pursuant to Roseboro, 528 F.2d at 310, the court notified plaintiff about Mobley's motion, the consequences of failing to respond, and the response deadline. [D.E. 185].

On November 4, 2022, defendant Page moved for summary judgment, Mot. [D.E. 186], and filed a memorandum in support with attachments, see [D.E. 187].

4

On November 7, 2022, the court entered a notice of deficiency as to defendant Page's motion, and plaintiff filed, *inter alia*, a response to the court's notice under Fed. R. Civ. P. 56(f), see [D.E. 188], and a notice of appeal as to the court's October 27, 2022, order, see [D.E. 189].

On November 9, 2022, defendant Page filed the instant motion for summary judgment, Mot. [D.E. 193], a memorandum in support [D.E. 194], a statement of material facts [D.E. 195], and an appendix [D.E. 196]. Pursuant to Roseboro, 528 F.2d at 310, the court notified plaintiff about Page's motion, the consequences of failing to respond, and the response deadline [D.E. 197].

On November 16, 2022, plaintiff responded in opposition to Mobley's motion for summary judgment. Pl.'s Resp. [D.E. 198].

On November 21, 2022, Mobley filed a reply [D.E. 199], and plaintiff filed a response in opposition to Page's motion for summary judgment, Pl.'s Resp. [D.E. 200], and a motion for attorney's fees, Mot. [D.E. 201].

On November 23, 2022, Mobley filed a response in opposition to plaintiff's motion for attorney's fees. Mobley's Resp. [D.E. 203].

On December 5, 2022, plaintiff filed a reply as to his motion for attorney's fees [D.E. 205].

Plaintiff's Motion for Attorneys' Fees:

In support of his pending motion for attorneys' fees, plaintiff argues that, because Mobley's motion to dismiss was denied, he is a prevailing party, see Mot. [D.E. 201], and because, due to his years of *pro se* litigation experience, he "produces legal work that is comparable to Attorney's at Law that is part of a Private Bar Association [sic]," Mot. Attach [D.E. 201-1] at 5–6.

In response, Mobley notes plaintiff is neither a prevailing party nor represented by counsel. Mobley's Resp. [D.E. 203].

5

In reply, plaintiff reiterates his contention that he is entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1988. Pl.'s Reply [D.E. 205].

Plaintiff's claim that his *pro se* litigation experience entitles him to attorney's fees is meritless. The court twice has found that he is not a "prevailing party" and, in any event, because he is not an attorney, he is not entitled to attorney's fees under § 1988. See Order [D.E. 155] at 3; Order [D.E. 132] at 6–7. The court DENIES this motion [D.E. 201] for the same reasons.

### Defendants' Motions for Summary Judgment:

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 247–48, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). To determine whether a genuine issue of material fact exists for trial, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

In support of their motions for summary judgment, Mobley and Page argue, *inter alia*, that plaintiff failed to exhaust available administrative remedies. See [D.E. 182] at 5–6; [D.E. 194] at 18–19. Plaintiff does not respond to this exhaustion argument. See [D.E. 198]; [D.E. 200].

The Prison Litigation Reform Act ("PLRA") states, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."); see Ross v. Blake, 578 U.S. 632, 642–44 (2016) (discussing administrative remedy availability); see also Moss v. Harwood, 19 F.4th 614, 623 (4th Cir. 2021); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation, alteration, and internal quotation marks omitted).

Failure to exhaust administrative remedies is an affirmative defense that defendants generally must plead and prove. See Jones, 549 U.S. at 216–17; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017).

Defendant Page avers, among other things, that: the Detention Center provides inmates with a grievance procedure; the grievance procedure is reflected in the Inmate Handbook; a copy of the Inmate Handbook in effect at all relevant times is attached to his filing; the grievance procedure's first step is for an inmate to report his complaint to a detention officer or supervisor; if the officer does not address the concern, the inmate may file a formal grievance; "Grievances may be handwritten, on a grievance form provided by the Detention Center, or submitted

7

electronically"; the "Grievance Procedure specifically provides that grievances must be submitted within 7-days of the incident giving rise to the inmate's complaint"; "[u]pon submission, a grievance is delivered to the Grievance Officer, who will provide a written response within 15-days of submission"; if an inmate is not satisfied with the Grievance Officer's action, the inmate may submit an appeal; decisions on appeal are final; Page is aware that this case is premised on events alleged to have occurred between December 14 and 15, 2017; Page has reviewed plaintiff's grievance log; and "Plaintiff did not submit a grievance regarding the alleged misconduct giving rise to [this case] within the 7-day time period as required by the Detention Center's Grievance Procedure set out in the Inmate Handbook." Page Aff. [D.E. 194-1] at ¶¶48–57, 61–63.

Defendant Mobley includes in his appendix the affidavit of Lieutenant Thomas Corprew. See Mobley's App., Corprew Aff. [D.E. 184-3]. Corprew avers, in relevant part: he is an officer at the Detention Center who, at the time of the incident in question held the rank of Sergeant and served as a Grievance Officer; the Detention Center provides inmates with a grievance procedure; the grievance procedure is reflected in the Inmate Handbook "and is made available to every inmate" in the Sheriff's custody; a copy of the Inmate Handbook in effect at all relevant times is attached to his filing; the grievance procedure's first step is for an inmate to report his complaint to a detention officer or supervisor; if the officer does not address the concern, the inmate may file a formal grievance; "Grievances may be handwritten, on a grievance form provided by the Detention Center, or submitted electronically"; the "Grievance Procedure specifically provides that grievances must be submitted within 7-days of the incident giving rise to the inmate's complaint"; "[u]pon submission, a grievance is delivered to the Grievance Officer, who will provide a written response within 15-days of submission"; if an inmate is not satisfied with the

8

Grievance Officer's action, the inmate may submit an appeal; decisions on appeal are final; plaintiff is a pretrial detainee at the Detention Center; Corprew is aware that this case is premised on events alleged to have occurred at the Detention Center between December 14 and 15, 2017; Corprew has reviewed plaintiff's grievance log; and "Plaintiff did not submit a grievance regarding the alleged misconduct giving rise to [this case] within the 7-day time period as required by the Detention Center's Grievance Procedure set out in the Inmate Handbook." Id. at ¶¶4–23.

The Inmate Handbook reflects, in relevant part: "Inmates may use the Inmate Grievance Procedure for legitimate problems, complaints, or concerns"; complaints first should be directed to a detention officer; if the complaint is not resolved, an inmate may request a Grievance Form from a detention officer; the Grievance Form "must be filed within seven days of the incident"; the officer receiving the grievance will deliver it to the Grievance Officer within twenty-four hours (excluding both holidays and weekends); "Inmates may submit only one grievance at a time and must wait until that grievance is answered before submitting another"; under normal circumstances, an inmates will receive a written answer to the grievance within fifteen days; and an inmate "may appeal the Grievance Officer's decision by requesting a Grievance Form from a detention officer or supervisor, following the usual procedure"; the appeal will be delivered to the Grievance Office "who will forward it to the appropriate authority"; and, under certain circumstances, an inmate may file an emergency grievance which may also be appealed. See Def. Mobley App. [D.E. 184-4] at 4; Def. Page Mem. Attach. [D.E. 194-2] at 4.

The record reflects a November 29, 2017, inmate medical screening with what appears to be plaintiff's signature acknowledging that he received a copy of the Inmate Handbook and agreed to "obey the rules/procedures of this facility." See Def. Mobley App. [D.E. 184-5] at 1–2.

9

The record also reflects plaintiff's attachment of four Grievance Forms, three of which reference the alleged events of December 14 and 15, 2017, and one of which indicates that he had not received a response to these three grievances aside from a request that he re-submit a specified grievance. See Pl.'s Aff. Attach. [D.E. 109-1] at 1–7 (Grievance Forms dated Nov. 9, Sept. 26, Sept. 19, and Aug. 27, 2018); Plaintiff's Mem. [D.E. 105-1] at 9, ¶ 19 (noting the submission dates of these Grievances Forms). Three of these Grievance Forms appear to have markings indicating they were accepted by a Detention Center officer. See Pl.'s Aff. Attach. [D.E. 109-1] at 1, 3, 5.

Here, Page did not plead plaintiff's purported failure to exhaust administrative remedies in his answer. See Page Answer [D.E. 162]. Mobley and the original defendants, by contrast, did plead plaintiff's purported failure to exhaust in their answers. See Andrews Answer [D.E. 59] at 1–2; Gay Answer [D.E. 60] at 1–2; Jordan Answer [D.E. 61] at 1–2; McDaniel Answer [D.E. 62] at 1–2; Russell Answer [D.E. 63] at 1–2; Singleton, III Answer [D.E. 64] at 1–2; Taylor Answer [D.E. 65] at 1–2; Woolard Answer [D.E. 66] at 1–2; Mobley Answer [D.E. 175] at 1–2. Mobley, however, did not argue PLRA exhaustion in support of his motion to dismiss, see Mem. [D.E. 161] at 4–8, and the original defendants likewise did not argue PLRA exhaustion in support of their joint motions to dismiss, see Mem. [D.E. 34], and for summary judgment, see Mem. [D.E. 117].

Thus, it is debatable whether this affirmative defense is untimely or was waived. Compare Carr v. Hazelwood, No. CIV.A.7:07CV00001, 2008 WL 4556607, at *3 (W.D. Va. Oct. 8, 2008), report and recommendation adopted, No. 7:07CV00001, 2008 WL 4831710 (W.D. Va. Nov. 3, 2008), with Short v. Walls, No. CIV.A. 2:07-0531, 2010 WL 839430, at *5 (S.D.W. Va. Mar. 5, 2010), aff'd, 412 F. App'x 565 (4th Cir. 2011), and Blake v. Maynard, No. 8:09-CV-02367-AW, 2012 WL 1664107, at *4 (D. Md. May 10, 2012), on reconsideration, No. 8:09-CV-02367-AW,

10

2012 WL 5568940 (D. Md. Nov. 14, 2012); see also Anderson v. Warden of Berks Cnty. Prison, No. CV 13-0903, 2016 WL 891397, at *1 (E.D. Pa. Mar. 8, 2016).

Presuming that Page, Mobley, and the original defendants did not waive this affirmative defense, and that the defense is timely, the court notifies all parties that the court is considering entering summary judgment for the non-moving original defendants, under Fed. R. Civ. P. 56(f), on PLRA exhaustion grounds.

Nevertheless, the present record does not reflect whether plaintiff's relevant grievances were ignored, rejected as untimely, denied, resolved on the merits, or appealed. See, e.g., Rinaldi v. United States, 904 F.3d 257, 270 n.11 (3d Cir. 2018) (distinguishing between "denials" and "rejections"); id. at 272 n.14 (finding, where a prison chooses not to enforce its own exhaustion procedures, "merits review satisfies exhaustion under the PLRA" (collecting cases)); Whatley v. Smith, 898 F.3d 1072, 1084 (11th Cir. 2018) (holding "a prison waives its procedural objections to considering the merits of a grievance, and therefore waives its exhaustion defense, if it does not explicitly rely on the grievance's procedural shortcomings as an adequate and independent ground for denying the grievance at the administrative level"); Hammett v. Cofield, 681 F.3d 945, 948 (8th Cir. 2012) ("Although the appeal could have been rejected on procedural grounds, the Regional Director rejected it on the merits—because the original complaint had been satisfactorily resolved."); Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011) (collecting cases for the proposition that "other circuits have held that a late filing that is accepted and decided on the merits fulfills the exhaustion requirement of the PLRA"); Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) (providing that, "if prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted" (citation omitted)); Hill v. O'Brien, 387 F. App'x 396, 400

11

(4th Cir. 2010) (per curiam) (unpublished) (providing that "the district court is 'obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials.'" (quoting Aquilar–Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007))).

Accordingly, the court DIRECTS defendants seeking to rely upon PLRA exhaustion arguments to docket the complete Detention Center records of plaintiff's relevant grievances, including any Grievance Officer response, appeal, and final decision, together with relevant declarations or affidavits not later than January 5, 2023. Defendants also should address the above-noted issues regarding waiver and the timeliness of this affirmative defense. The court further ALLOWS plaintiff until January 20, 2023, to file any response.

SO ORDERED, this 20th day of December 2022.

RICHARD E. MYERS II
Chief United States District Judge